FILED
2021 Nov-18 PM 01:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| DUSTI BRADFORD, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | |
| FASTENAL COMPANY, INC. | ) | |
| | ) | DEMANDS TRIAL BY |
| Defendant. | ) | STRUCK JURY |

## PLAINTIFF'S COMPLAINT

### JURISDICTION AND VENUE

1. This is a complaint for legal and equitable relief to redress violations by the Defendant of the Plaintiff's rights secured by:

   a. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; and

   b. Title I of the Civil Rights Act of 1991, as amended, 42 U.S.C. §1981, et seq.; and

   c. Federal subject matter jurisdiction exists pursuant to:

   d. 28 U.S.C. §§ 1331, 1367;

      e.      Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; and

      f.      Title I of the Civil Rights Act of 1991, as amended, 42 U.S.C. §1981, et seq.

## PARTIES

2.    Plaintiff, Dusti Bradford, ("Plaintiff" or "Bradford"), is a resident of Winfield, Alabama, and is over the age of nineteen.

3.    Defendant, Fastenal Company, Inc. (hereinafter "Defendant" or "Fastenal") is a foreign corporation that is registered with the Alabama Secretary of State and at all times relevant to this Complaint was doing business throughout the state of Alabama. Defendant employs over 20,000 people worldwide within the meaning of Title VII, 42 U.S.C. § 2000e(b) at all relevant times herein.

## NATURE OF ACTION

4.    Plaintiff brings this action against Defendant for unlawful employment practices, acts of intentional retaliation that occurred during her employment with Defendant.

5.    Plaintiff seeks compensatory and punitive damages to which she is entitled, attorneys' fees and costs.

## ADMINISTRATIVE PROCEDURES

6. On September 29, 2020, within 180 days of learning of the acts of discrimination and/or retaliation of which Plaintiff complains, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission, ("EEOC"), Charge No. 420-2020-01832. (**Attached hereto as Exhibit A**). More than 180 days after the charge was pending with the EEOC, Plaintiff received a Right to Sue letter from the EEOC, dated August 31, 2021. (**Attached herein as Exhibit B**).

7. All prerequisites for bringing this action have been met.

## STATEMENT OF FACTS

8. Plaintiff began employment with Defendant on or about July 17, 2019 as a part time Sales Support Associate at its Guin, Alabama store.

9. Plaintiff was promoted to a full time Sales Associate position effective August 2, 2019.

10. Store Manager, Keith Parker started harassing Plaintiff because of her gender, female. For example, Parker told Plaintiff that he found her attractive, he offered to help her get an apartment, he changed her work schedule so that they could work alone in the afternoon and he asked her to do "ride alongs" with him more often than her male counterparts.

11. Around October 31, 2019, Plaintiff complained to the District Manager, Zack King. Following an investigation, Plaintiff was offered a transfer to a different location. Plaintiff rejected the transfer because the next nearest location was an hour from her home.

12. Defendant agreed to transfer Parker to an on-site position with Ox Bodies from the Guin store.

13. Nicholas Hodges was hired as the new store manager.

14. Notwithstanding Defendant's promise to transfer Parker from the Guin store, six months later he remained employed at the Guin store.

15. In January 2020, Plaintiff was promoted to Outside Sales Representative.

16. On April 1, 2020, Plaintiff's five largest accounts were removed and assigned to Hodges.

17. On April 9, 2020, Plaintiff went home in her company truck to retrieve a valuable package that had been delivered.

18. On April 10, 2020, Plaintiff was called into a meeting with Nicholas Hodges, Keith Parker and Zack King and told she was discharged for driving her company vehicle to her home. Nick Hodges and Keith Parker were in the office and Zack King on the phone.

19. Plaintiff was told she was being terminated for taking her company truck

home, although other employees have driven a company truck home.

20. Parker was never transferred out of the Guin, Alabama store, as agreed.

## COUNT ONE

## RETALIATION UNDER TITLE VII

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 with the same force and effect as if fully set out in specific detail herein below.

22. There existed an employer-employee relationship between Plaintiff and Defendant.

23. Plaintiff exercised her statutory rights under Title VII by complaining to Defendant about what she reasonably believed to be sex discrimination.

24. Part of the resolution to Plaintiff's Complaint was to reassign Parker away from the Guin store.

25. To the date of Plaintiff's termination, Parker remained at the Guin store and actually sat in on her termination meeting.

26. There is a causal connection between Plaintiff's protected complaint and her termination.

27. Defendant's conduct proximately caused the Plaintiff to suffer loss

of pay and benefits, embarrassment, humiliation, loss of reputation and emotional distress for which she claims damages as set out below.

28. Plaintiff seeks declaratory and injunctive relief, reinstatement, award of compensatory and punitive damages, emotional distress, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

**WHEREFORE**, Plaintiff respectfully requests this Court:

A. Permanently enjoin Defendant from engaging further in their discriminatory and retaliatory treatment of employees similarly situated;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for women which eradicates the effects of its past and present unlawful employment practices, including implementing consistent policies against sex-based discrimination and retaliation in the work place;

C. Order Defendant to make Plaintiff whole, providing appropriate front pay, back pay, loss of employment benefits and other monetary relief as may be available to her, including damages for her physical, mental and emotional distress;

D. Award Plaintiff compensatory and punitive damages under the Constitution of the United States;

E.   Award Plaintiff injunctive relief including reinstatement and training in the workplace;

F.   Award Plaintiff her costs and expenses herein, including reasonable attorney's fees, where applicable; and

G.   Award such other and further relief which this Court deems appropriate under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,

/s/ Kenneth D. Haynes
Kenneth D. Haynes
ASB-6190-H36K
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama   35226
Phone: (205) 879-0377
Fax: (205) 879-3572
Email: kdhaynes@haynes-haynes.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/s/ Kenneth D. Haynes
Kenneth D. Haynes

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL**

**DEFENDANT'S ADDRESS:**

Fastenal Company, Inc.
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104